**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AQUA-AEROBIC SYSTEMS, INC., | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-5331 |
| BEACON WATER TECHNOLOGIES, LLC, | JURY DEMAND |
| Defendant. | |

## COMPLAINT

Plaintiff, Aqua-Aerobic Systems, Inc. ("Aqua-Aerobic") complains of Beacon Water Technologies, LLC ("Beacon") as follows:

1.      This Complaint includes claims for trademark infringement under 15 U.S.C. § 1051 et seq. (the "Lanham Act"); for false designation of origin, unfair competition, and trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 25(a), and for state common law trademark infringement, trade dress infringement and unfair competition.

### THE PARTIES AND BACKGROUND

**Aqua-Aerobic Systems, Inc.**

2.      Aqua-Aerobic Systems, Inc. is an Illinois corporation having its principal place of business at 6306 North Alpine Road, Loves Park, Illinois 61111.

3.      Aqua-Aerobic Systems has provided efficient filtration systems in the water and wastewater treatment industry since the mid-1970s.

4.      Engineered filtration systems sold by Aqua-Aerobic operate in a manner to filter water in industrial and municipal wastewater treatment systems.  Filtration systems are an important part of the water and wastewater treatment process.

5.     Aqua-Aerobic is a leader in developing innovative products and technologies for use in municipal and industrial water and wastewater treatment.

6.     By the early 1990s, Aqua-Aerobic first introduce cloth media filtration technology to the United States and since then, has become the leader in engineered cloth media filtration products.  Cloth filtration systems are a simple and cost-effective method of removing various contaminants from wastewater.

7.     Aqua-Aerobic was the first company to market cloth media filtration in a disk configuration as opposed to conventional granular media filtration technologies.

8.     Aqua-Aerobic sells a cloth fiber filter under the "OptiFiber PES-13®" brand name. The OptiFiber PES-13® filter consists of a woven, precision fiber system that provide strength and durability.  The fibers collect solids from wastewater and effectively release the solids during a backwash procedure. The OptiFiber PES-13® filter is easy to clean and replace.

9.     Aqua-Aerobic owns numerous trademark registrations for its cloth filter products, including: AquaDisk®, Aqua MegaDisk®, AquaPrime®, AquaDiamond®, Aqua MiniDisk®, and AquaStorm®.  In addition, Aqua-Aerobic owns trademark registrations in the names OptiFiber PES-13®, OptiFiber PA2-13®, OptiFiber PES-14® and OptiFiber PF-14®.  These trademarks constitute valuable intellectual property of Aqua-Aerobic.

10.     The name "PES-13" has been associated with and used in connection with, among other things, Aqua-Aerobic's tertiary filters comprising cloth media for reducing phosphorus and other solids contained in wastewater.  The name PES-13 has become associated with the Aqua-Aerobic's cloth filters.

11. Aqua-Aerobic has continuously associated its PES-13 product with a blue and white color scheme as depicted on the Aqua-Aerobic website (https://aqua-aerobic.com/filtration):



12. Aqua-Aerobic has sold a specific engineered cloth media filter under the OptiFiber PES-13® trademark exclusively in a blue and white color combination:



OptiFiber PES-13®

13.     The OptiFiber PES-13® cloth media is engineered exclusively for Aqua-Aerobic for wastewater and water applications and is designed to maximize solids removal over a wide range of particle size.

14.     Aqua-Aerobic has continuously sold the PES-13 fiber in a blue and white color combination.  The cloth material used to manufacture the PES-13 fiber filter product has a naturally white color.  The blue and white color scheme used by Aqua-Aerobic on the PES-13 fiber filter product is used to designate Aqua-Aerobic as the source of the fiber filter.

15.     Aqua-Aerobic advertises and sells the PES-13 fiber filter product on the market, as demonstrated on the company website: www.https://Aqua-Aerobic.com/filtration.  PES-13 is an arbitrary designation used by Aqua-Aerobic to designate the fiber filter product it sells.  Aqua-Aerobic has spent numerous dollars advertising and promoting the OptiFiber PES-13® filter product, the PES-13 designation and the blue and white color scheme.

16.     Aqua-Aerobic has promoted the PES-13 fiber filter product through internet advertisement, brochures, pamphlets and at various trade shows, including in this judicial district.  It has always used the blue and white color scheme to identify the OptiFiber PES-13® filter product.

17.     Consumers in the industry have come to associate the blue and white color combination and/or the PES-13 name with Aqua-Aerobic and recognized the product as a leader product in the water filtration industry.

18.     Aqua-Aerobic owns all rights, title and interest in United States Trademark Reg. No. 3,633,808 in the mark OptiFiber PES-13® for goods related to "water, wastewater and process water steam treatment apparatus, in the matter of a filter having natural and synthetic fabric and

cloth filtration media." (Registration Certificate attached as Exhibit A). Aqua-Aerobic has standing to maintain an action under the Lanham Act, Section 32(a).

19. The OptiFiber PES-13® trademark has never been abandoned and the registration is in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

20. The OptiFiber PES-13® trademark was first used in commerce on or before April 16, 2007 in relation to wastewater filters having natural and synthetic fabric and cloth filtration media.

21. The blue and white color scheme has been associated with Aqua-Aerobic's PES-13 fiber filter product since April 16, 2007.

22. Both the PES-13 mark and blue and white color mark have each achieved secondary meaning within the relevant market.

23. The PES 13 name and the blue and white color combination are distinctive of the Aqua-Aerobic OptiFiber PES-13® fiber filter product and, in the minds of the consumers, their primary significance serves to identify the source of the product and have become distinctive of the fiber filter products in commerce.

### Beacon Water Technologies, LLC

24. Beacon Water Technologies, LLC is a South Carolina limited liability company having a place of business at P.O. Box 22097, Charleston, South Carolina 29413.

25. Stuart Humphries, the founder and managing partner of Beacon, was an independent sales representative who sold Aqua-Aerobic products at one time.

26. Beacon manufactures pile cloth disk filtration technology for wastewater, wet weather, industrial and portable water treatment. Beacon is a direct competitor of Aqua-Aerobic.

27. As of at least August 10, 2022, Beacon began to advertise and sell a "cloth media replacement" product advertised as "PES-13":



The Beacon fiber filter product has a blue and white color scheme that matches the scheme used by Aqua-Aerobic.

28. Beacon advertises its PES-13 fiber filter product in a YouTube video entitled "Do You Have a Cloth Disk Filter from Brand A": www.https://youtube.com/watch?v=ushmyo-E3cl (the "YouTube Video").

29. In the YouTube Video, Beacon advertises its PES-13 fiber filter product as a replacement for "Brand A":



The video depicts the blue and white color scheme of both Brand A and Brand B.

30.     The reference to Brand A is clearly intended to refer to Aqua-Aerobic (i.e. Brand "A").  Reference to Brand B is clearly made to Beacon (i.e. Brand "B").  Likewise, the video highlights the blue and white color scheme of the filter.

31.     The filter may be made in a variety of colors, but Beacon chose to use the blue and white color combination.

32.     The YouTube Video, Beacon uses the designation PES-13 to identify the cloth filter product and slows the product in a blue and white color scheme:





33.     Beacon operates the website www.https://beaconh2o.com.  On that website, it advertises a "PES-13" cloth media filter having a blue and white color scheme.

34.     Beacon has made a conscious and concerted effort to pass off its PES-13 product as being associated with Aqua-Aerobic.

35. Beacon continues to compete with Aqua-Aerobic by using the "PES-13" name and blue and white color scheme.

36. There have been numerous instances of actual confusion between the Beacon product and the PES-13 fiber filter product sold by Aqua-Aerobic. For example, Aqua-Aerobic was contacted by at least one customer who stated: "there is a company (Beacon Water Technologies) that is advertising a product that looks similar to the AquaDisk."

## JURISDICTION AND VENUE

37. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331, 1332, and § 1338(a) and (b); and 28 U.S.C. § 1367.

38. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Aqua-Aerobic's claims arise from the Lanham Act.

39. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Aqua-Aerobic resides in Illinois, Beacon is a South Carolina limited liability partnership, who has conducted business in this jurisdiction, and the amount in controversy exceeds $75,000.

40. This Court has subject matter jurisdiction under 28 U.S.C. § 1238 as the state claims for trademark infringement and unfair competition are related to the claims under the Trademark Laws of the United States.

41. Venue in this district is proper pursuant to 28 U.S.C. § 1139 (b) and (c).

42. Aqua-Aerobic resides in the state Illinois and conducts business in this jurisdiction.

43. Beacon has attended trade shows and advertised, among other things, the PES-13 fiber filter at a trade show in the state of Illinois. By way of example, Beacon attended the WEFTEC show in 2021 which took place in Chicago, Illinois. On information and belief, Beacon advertised a product having a blue and white color scheme at the trade show in Chicago.

44.     Beacon conducts business through the website https://beaconh2o.com. Beacon's products are available for purchase through this website, including to residents of this judicial district.

45.     Stuart Humphries of Beacon has known of Aqua-Aerobic's intellectual property rights in the trademark PES -13 and the blue and white color scheme since at least April 16, 2007. Beacon continued to use the marks "PES-13" and the blue and white color scheme to benefit from the goodwill and reputation of Aqua-Aerobic.  By doing so, Beacon has intentionally caused harm to Aqua-Aerobic in this district.

46.     Beacon has purposefully and willfully directed its intentional misuse and infringement of Aqua-Aerobic's trademarks at the State of Illinois (where Aqua-Aerobic is located), with knowledge that the brunt of Aqua-Aerobic's injury would be felt in the State of Illinois. Beacon knows that Aqua-Aerobic is located in Love's Park.

47.     By transacting business over www.beaconh2o.com, and at trade shows in Illinois, including with customers in this district, and by using the goodwill and reputation built by Aqua-Aerobic in this district, Beacon has purposefully availed itself of the privilege of conducting business in this judicial district and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being subject to the jurisdiction of the court in Illinois.

48.     To the extent Aqua-Aerobic's claims arise from Illinois statutory and/or common law, this Court has proper ancillary jurisdiction because it bears a logical relationship to the aggregate core of operative facts relating to Aqua-Aerobic's claims under the Lanham Act.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act Section 32(a))

49.     Aqua-Aerobic incorporate all prior allegations as if set forth fully herein.

50.     This Court has jurisdiction over the subject matter of this claim, this being a claim of trademark infringement arising under the Trademark Laws of the United States as codified in 15 U.S.C. § 1051 et seq.

51.     Aqua-Aerobic owns United States Trademark Reg. No. 1,424,982 in the mark "OptiFiber PES-13®."

52.     The OptiFiber PES-13® is fanciful and arbitrary and are associated in the mind of the public exclusively with Aqua-Aerobic.

53.     Based on Aqua-Aerobic' extensive advertising, sales, and the wide popularity of the OptiFiber PES-13® filter products, the OptiFiber PES-13® trademark has obtained Federal Trademark Registration so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of, and affiliated with, Aqua-Aerobic.

54.     Beacon copied or otherwise imitated the OptiFiber PES-13® trademark in connection with selling, distributing, and advertising Beacon's PES-13 fiber filter product.

55.     Beacon's activities set forth herein constitute use in commerce of the OptiFiber PES-13® trademark.

56.     Beacon has used the PES-13 mark without Aqua-Aerobic' consent or authorization. Beacon's use, including the sale and distribution of infringing products in interstate commerce, has caused actual confusion and is likely to cause confusion and mistake in the minds of the public, leading the public falsely to believe that Beacon's PES-13 fiber filter product emanate or originate from Aqua-Aerobic, or falsely to believe that Aqua-Aerobic have approved, sponsored, or otherwise associated themselves with Beacon.

57. Beacon has intentionally used the OptiFiber PES-13® trademark in connection with its offering for sale, sale, and distribution of goods associated therewith knowing that such trademarks are Aqua-Aerobic' exclusive property.

58. Beacon's conduct is intended to exploit the goodwill and reputation associated with the OptiFiber PES-13® trademark.

59. Beacon engaged in the aforementioned activity with the intent to confuse and deceive consumers into believing that Beacon, and the goods it sells, are in some way sponsored by, or affiliated with, or associated with, Aqua-Aerobic or its products.

60. Beacon's unauthorized use of the PES-13 mark as set forth herein has resulted in Beacon unfairly benefiting from Aqua-Aerobic' advertising and promotion and profiting from Aqua-Aerobic' reputation and its registered trademarks, to the substantial and irreparable injury of the public, Aqua-Aerobic, the OptiFiber PES-13® trademark, and the substantial goodwill represented thereby.

61. Beacon's aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

62. Beacon's acts have caused, and will continue to cause, great and irreparable injury to Aqua-Aerobic, and unless such acts are restrained by this Court, Beacon will continue such acts, thereby causing Aqua-Aerobic to continue to suffer great and irreparable injury.

63. Aqua-Aerobic is informed and believes that Beacon's infringement is both intentional and egregious.

64. Aqua-Aerobic have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Beacon in an amount to be determined at trial.

## COUNT II: UNFAIR COMPITIOIN AND FALSE DESIGNATION OF ORIGIN
### (Lanham Act Section 43(a))

65.     Aqua-Aerobic incorporates all prior allegations as if set forth fully herein.

66.     This Court has jurisdiction over the subject matter of this claim, this being a claim of unfair competition and false designation of origin arising under section 43(a) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

67.     Beacon is fully aware of the popularity of the entire "PES-13" product line and the clear association of the "PES-13" name with the line of fiber filter products of Aqua-Aerobic. Likewise, Beacon is fully aware of the blue and white color associated with the "PES-13" fiber filter products sold by Aqua-Aerobic. Beacon intentionally copied and offered in interstate commerce fiber filters that infringe the "PES-13" mark and the blue and white color scheme used in association with Aqua-Aerobic's "PES-13" product line. The Beacon fiber filters were designed to have the same distinctive overall appearance, color and look as the Aqua-Aerobic's "PES-13" product line and are confusingly similar in total image, appearance, and overall aesthetic look. As a result, there has been instances of actual confusion and, therefore, the public is, and is likely to be, confused by Beacon's use of the "PES-13" designation and the blue and white color scheme.

68.     Beacon has used in commerce, and continue to use in commerce, the "PES-13" designation and blue and white color scheme to unfairly benefit from Aqua-Aerobic's success by selling the same products bearing the same name in this jurisdiction. Beacon could have selected alternative names.

69.     Beacon has used Aqua-Aerobic's distinctive name "PES-13" designation and blue and white color scheme on its infringing goods with the express intent to pass off Beacon's fiber filter products as those of Aqua-Aerobic and to cause confusion and mistake, and to deceive and mislead the purchasing public into believing that Beacon's products and/or Beacon are authorized,

sponsored, affiliated with, or associated with, Aqua-Aerobic, and to trade upon Aqua-Aerobic's reputation for high-quality and to improperly appropriate to themselves Aqua-Aerobic's valuable trademark rights.

70.     Sales of infringing fiber filter products having the "PES-13" name and blue and white color scheme by Beacon are likely to cause consumer confusion because of the similarity in color, appearance and look between Beacon's and Aqua-Aerobic's fiber filter products. Consumers will believe that Beacons' products are either manufactured, licensed, affiliated with or sponsored by Aqua-Aerobic or are being placed on the market with Aqua-Aerobic' consent and/or actual or implied authority.  As a result, Aqua-Aerobic have been and will continue to be irreparably injured by Beacon's improper acts.

71.     Beacon has willfully, deliberately, and with predatory intent, created such confusion by copying and reproducing the distinctive "PES-13" name and blue and white color scheme associated with Aqua-Aerobic's fiber filter products; and has advertised and sold, and threaten to advertise and sell, its products so as to cause public confusion and deception.  Further, Beacon's sales and offers for sale of the PES-13 products have caused and threaten to cause Aqua-Aerobic the loss of its valuable goodwill and reputations for making and selling distinctive, unique and high-quality fiber filter products under the "PES-13" name and blue and white color scheme.

72.     Beacon's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Beacon's products as those of Aqua-Aerobic in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

73.     Beacon's wrongful acts will continue unless enjoined by this Court.

74.     Aqua-Aerobic has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Beacon in an amount to be determined at trial.

### COUNT III: TRADE DRESS INFRINGEMENT
### (Federal Trade Dress Infringement)

75.     Aqua-Aerobic incorporates all prior allegations as if set forth fully herein.

76.     This Court has jurisdiction over the subject matter of this claim, this being a claim of trade dress infringement arising under section 43(ii) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

77.     This claim is for trade dress infringement of the non-descriptive, non-functional aspects of Aqua-Aerobic's selection, design, and marketing efforts associated with the blue and white color scheme used on the fiber filter products.

78.     Aqua-Aerobic has expended considerable time, effort and resources to design and develop unique and inherently distinctive colors and appearances for the blue and white color scheme used on the fiber filter products.  The blue and white color scheme has been featured prominently in Aqua-Aerobic's in-store, on-site and other advertisements and promotions for its fiber filter line of products.  This unique trade dress has become associated with the success of Aqua-Aerobic's "PES-13" product line and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public.  As a result, this non-descriptive, non-functional trade dress is a valuable, irreplaceable asset of Aqua-Aerobic's business.

79.     Beacon's selection and use of substantially similar (if not identical) colors, looks and appearances for its fiber filter products is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of Beacon's infringing goods.  Because of the nearly identical look of Beacon's infringing goods to Aqua-Aerobic's non-descriptive, non-functional

blue and white color trade dress associated with Aqua-Aerobic's "PES-13" products, the public is likely to believe that Beacon's products are in some way affiliated or associated with, or sponsored by, Aqua-Aerobic.

80.     Beacon's actions have been and are willful and deliberate.

81.     Beacons' wrongful acts will continue unless enjoined by this Court.

82.     Aqua-Aerobic has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Beacon's infringement of Aqua-Aerobic' blue and white color trade dress, in an amount to be determined at trial.

### COUNT IV: STATE COMMON LAW TRADEMARK INFRINGEMENT
#### (State Common Law Trademark Infringement And Unfair Competition)

83.     Aqua-Aerobic incorporates all prior allegations as if set forth fully herein.

84.     This claim arises under the common law of this State relating to trademark infringement and unfair competition.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

85.     Aqua-Aerobic is the owner of all right, title, and interest in and to the common law "PES-13" trade name, the blue and white color scheme, designs, symbols, and logos used by Aqua-Aerobic by virtue of its extensive manufacture and sale of products bearing such trade names, trademarks, designations, designs, symbols, and logos (collectively, Aqua-Aerobic's "Common Law Trademarks") as set forth in the preceding paragraphs of this Complaint.  In particular, because of its enormous sales and publicity, Aqua-Aerobic's has acquired common law trademark rights in and to its blue and white color scheme for its "PES-13" fiber filter products.

86. The counterfeit and/or infringing products imported, advertised, distributed, offered for sale and sold by Beacon incorporate matter constituting replicas and imitations of Aqua-Aerobic's Common Law Trademarks. Such unauthorized use by Beacon of Aqua-Aerobic's Common Law Trademarks constitutes trademark infringement and unfair competition and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Aqua-Aerobic when, in fact, they are not.

87. Upon information and belief, Beacon has willfully and intentionally misappropriated one or more of Aqua-Aerobic' Common Law Trademarks with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off its goods as those of Aqua-Aerobic and to place others in the position to palm off its goods as those of Aqua-Aerobic, and as such, Beacon has committed trademark infringement and unfair competition under the common law.

88. By such actions in infringing Aqua-Aerobic' Common Law Trademarks, Beacon is improperly trading upon the enviable reputation and goodwill of Aqua-Aerobic and are impairing Aqua-Aerobic' valuable rights in and to such trademarks.

89. Aqua-Aerobic is informed and believes and thereupon alleges that Beacon committed the above alleged acts in conscious disregard of Aqua-Aerobic' rights, and Aqua-Aerobic are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of Illinois.

90. Aqua-Aerobic has no adequate remedy at law. The conduct of Beacon has caused and, if not enjoined, will continue to cause, irreparable damage to Aqua-Aerobic's rights in and to its trademarks, and to Aqua-Aerobic's businesses, reputations, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Aqua-Aerobic demand judgment against the Beacon as follows:

A.      That the Court order that Beacon, its officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Beacon, be immediately and permanently enjoined from:

    (1)      directly or indirectly infringing Aqua-Aerobic's trademarks as described above in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise that infringes Aqua-Aerobic's trademarks including without limitation Beacon's PES-13 fiber filter products having the blue and white color scheme, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of the Aqua-Aerobic trademarks or any other unauthorized goods that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of Aqua-Aerobic's trademarks;

    (2)      using the Aqua-Aerobic trademarks and trade dress rights or marks confusingly similar thereto;

    (3)      using the color combination blue and white on fiber filter products;

    (4)      advertising (over the Internet, through catalogs, or otherwise), selling, importing, exporting, using, accepting orders for or offering to sell products in conjunction with, or under, the blue and white colors and appearance;

    (5)      engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Beacon's customers, and/or

members of the public to believe that, the actions of Beacon, the products sold by Beacon, or Beacon itself are connected with Aqua-Aerobic, are sponsored, approved, or licensed by Aqua-Aerobic, or are in some way connected or affiliated with Aqua-Aerobic;

(6) causing further confusion with and injury to Aqua-Aerobic's reputation, business and OptiFiber PES-13, PES-13 or blue and white color trademarks, and common law trademarks, including Aqua-Aerobic's colors, symbols, labels or other forms of advertisement and trademarks;

(7) otherwise competing unfairly with Aqua-Aerobic in any manner;

(8) diluting and infringing the OptiFiber PES-13, PES-13 or blue and white color trademarks and damaging Aqua-Aerobic's goodwill, reputations, and businesses.

B. That Aqua-Aerobic be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Beacon's unlawful acts, including Aqua-Aerobic's loss of goodwill, loss of past and/or future sales, and damages caused by Beacon's acts of trademark and trade dress infringement, common law trademark infringement, unfair competition, and trademark dilution, as well as for State common law trademark infringement, trademark dilution and unfair competition. That Aqua-Aerobic be awarded increased damages based upon the intentional and willful nature of Beacon's conduct of the kind complained of herein. That Aqua-Aerobic be awarded all profits received by Beacon from the sale of products identified or advertised through the use of identical or confusingly similar designations and colors.

C.     That the Court issue an order requiring Beacon to pay to Aqua-Aerobic such damages as Aqua-Aerobic have sustained as a consequence of Beacon's infringement of the OptiFiber PES-13, PES-13 or blue and white color trademarks and unfair competition and to account for all gains, profits, and advantages derived by Beacon from the sale of its infringing merchandise bearing the OptiFiber PES-13, PES-13 or blue and white color trademarks and that the award to Aqua-Aerobic be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Aqua-Aerobic be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $1,000,000 for each trademark that Beacon has willfully counterfeited and infringed.

D.     That the Court issue an order that Aqua-Aerobic recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

E.     That Aqua-Aerobic be awarded punitive damages for Beacon's willful and malicious acts of common law unfair competition.

F.     That Beacon be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its possession, custody or control bearing the OptiFiber PES-13, PES-13 or blue and white color trademarks or any other similar designations.

G.     That Beacon be ordered to (a) prepare and send to its customers and the general public corrective statements approved by Aqua-Aerobic, correcting all false statements made and all misrepresentations made concerning the OptiFiber PES-13, PES-13 or blue and white color trademarks; (b) to disclaim any association between Beacon and Aqua-Aerobic and/or its products; and, (c) to recall and make

reasonable efforts to obtain the return of any infringing or confusingly similar products from its customers.

H.    That judgment be entered in favor of Aqua-Aerobic and against Beacon on each claim made in the Complaint.

I.    That the Court provide Aqua-Aerobic with such other and further relief as it deems just and proper, or that aqua-Aerobic may be entitled to under the law.

## JURY DEMAND

A trial by jury is demanded on all issues triable to a jury in this case.

Respectfully submitted,

*/s/ Dean D. Niro*

Robert A. Vitale
Dean D. Niro
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.:   (312) 236-0733
Fax:   (312) 236-3137

*Attorneys for Plaintiff,*
*Aqua-Aerobic Systems, Inc.*